VAUGHN v. BUNKER HILL & SULLIVAN MINING & CONCENTRATING CO.

(Circuit Court, D. Oregon. December 9, 1903.)

No. 2,770.

1. WRONGFUL DEATH—IDAHO STATUTE—PERSONS ENTITLED TO SUE.

Under Code Civ. Proc. Idaho, § 3165, which gives a right of action for wrongful death to the "heirs or personal representatives" of the deceased, such an action cannot be maintained by his widow in her own name.

2. SAME—LAW GOVERNING ACTION—PLACE OF INJURY.

A state statute giving a right of action for wrongful death has no extraterritorial force, and does not confer a right of action for an injury inflicted in another state.

---

¶ 2. What law governs actions for wrongful death, see note to Burrell v. Fleming, 47 C. C. A. 606.

See Death, vol. 15, Cent. Dig. § 12.

Action for Wrongful Death. On demurrer to complaint.

O'Day & Tarpley and Robertson, Miller & Rosenhaupt, for plaintiff.

Dolph, Mallory, Simon & Gearin, for defendant.

BELLINGER, District Judge. The plaintiff is a resident and citizen of North Dakota, and the defendant a citizen of the state of Oregon. The action is brought by the plaintiff as the widow of Orlando P. Vaughn, who was killed while working in the defendant's mine, through the negligence, so it is alleged, of the defendant. The defendant demurs to the complaint. The action is brought under section 3165 of the Code of Civil Procedure of Idaho. That statute provides that "when the death of a person, not being a minor, is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death, or if such person be employed by another person who is responsible for his conduct, then also against such other person."

Two grounds are urged in support of the demurrer: First, that this action cannot be maintained, either under this statute or under that of Oregon, by the widow; that such action must be brought by the personal representatives of the deceased. Second, that the statute under which this action is brought has no extraterritorial force, and does not confer a right of action for an injury inflicted in another state. The demurrer is sustained upon both grounds. In either case, whether the action is brought under the Oregon or the Idaho statute, it must be brought by the personal representatives of the deceased. Neither the widow nor the next of kin can maintain such action in their own names. The risk of ascertaining the persons entitled to the benefit of the recovery, and the duty of making the distribution, are not imposed on the plaintiff, but on the personal representatives of the deceased. Weidner et al. v. Rankin et al., 26 Ohio St. 524.

Where an inhabitant of one state is injured by the wrongful acts of a railway company in another state, the personal representatives of the intestate cannot maintain an action therefor in the former state. The right of action given by the statute is an entirely new one, and is based on the death of the injured person, not on the injury that caused it. Armstrong v. Beadle, 5 Sawy. 484, Fed. Cas. No. 541; McCarthy v. Railroad Company, 18 Kan. 46, 26 Am. Rep. 742; note to section 381, B. & C. Comp. Or.