Robert J. Wiener, Individually and as Administrator of the Estate of Patricia A. Wiener, Deceased, Plaintiff, v. Specific Pharmaceuticals, Inc., Defendant.

Supreme Court, Special Term, New York County, February 11, 1948.

*Woodrow J. Sandler* for plaintiff.

*Louis B. Stillman* and *Sidney H. Levin* for defendant.

Steuer, J. The question on this motion is whether an administrator appointed in Michigan can bring an action here for the wrongful death of his intestate occurring in Michigan, or whether, in order to proceed, an ancillary administrator must be appointed here. It is conceded that generally a foreign administrator cannot sue here (*Baldwin* v. *Powell*, 294 N. Y. 130). But the question of whether an administrator who is really a statutory trustee for certain beneficiaries under a death statute can sue has been specifically left open. (*Wikoff* v. *Hirschel*, 258 N. Y. 28.) The first question is whether the plaintiff is such a statutory trustee. The test is whether the statute which gives the right of action provides that the proceeds are for the benefit of the estate or for the exclusive benefit of particular ascertainable persons such as spouse, dependents, or next of kin. The wrongful death statute in Michigan is found in the Judicature Act, sections 27.711 and 27.712. The statute provides that the

damages shall be the "pecuniary injury resulting from such death, to those persons who may be entitled to such damages", plus funeral and medical expenses and compensation for pain and suffering in the interval between the accident and death. It further provides that after payment of the bills for the aforementioned expenses a determination shall be made of the pecuniary damages to each of the next of kin and the spouse. The statute concludes: "The remainder of the proceeds of such judgment shall be distributed according to the intestate laws." It is claimed that this final sentence takes the fund out of the class of statutory trusts. To an extent it does. That sentence has reference, however, only to a specific portion of the recovery — that for pain and suffering of the deceased. As to that the administrator represents the estate. An examination of the complaint here shows that there is no claim for any such damages. So here his position is purely as a statutory trustee.

It remains to be determined how the question left open is to be decided. The United States Circuit Court of Appeals has predicted that the decision will be in favor of allowing the statutory trustee to sue (*Cooper* v. *American Airlines*, 149 F. 2d 355). Circuit Judge FRANK, writing for that court, posed the question — what would reasonable intelligent lawyers decide? He answers that they would allow the suit and concludes that the Court of Appeals would, therefore, permit the administrator to sue. Granting the premises, any other conclusion would, for him, be ungracious; for me it would be unthinkable.

The motion is denied.