## STOLTZ v. BURLINGTON TRANS-PORTATION CO.
### No. 3982.

United States Court of Appeals
Tenth Circuit.
Dec. 15, 1949.

Clay R. Apple, Greeley, Colo. (L. J. West, Greeley, Colo., on the brief), for appellant.

H. Berman, Denver Colo. (Joseph N. Lilly, Denver, Colo., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and HUXMAN and PICKETT, Circuit Judges.

PHILLIPS, Chief Judge.

Earl C. Stoltz[1] brought this action against the Burlington Transportation Company[2] to recover damages in the amount of $25,000 for the alleged wrongful death of his son, Donald Earl Stoltz, a minor, while a passenger on a bus of the Burlington Company.

The accident occurred and Donald died as a result thereof in Utah.

The Burlington Company interposed a motion in which it set up that the laws of Utah on which the action was based were incompatible with the public policy of Colorado, as set forth in Colorado Statutes Annotated, 1935, Vol. 2, Chap. 50, §§ 2 and 3.

At the pre-trial conference, counsel for the Burlington Company offered to submit to a judgment in favor of Stoltz for $5,000 and costs. Counsel for Stoltz objected to the amount. The court entered judgment in favor of Stoltz for $5,000 and costs, and he has appealed.

Article 16, § 5 of the Utah Constitution provides:

"The right of action to recover damages for injuries resulting in death, shall never be abrogated, and the amount recoverable shall not be subject to any statutory limitation, except in cases where compensation for injuries resulting in death is provided for by law."

Title 104, Chap. 3, § 10, Code of Utah, 1943, provides that a father may maintain an action for the death of a minor child, where such death is caused by the wrongful act or neglect of another.

Colorado Statutes Annotated, 1935, Chap. 50, § 2, provides:

"Whenever the death of a person shall

---

1. Hereinafter called Stoltz.

2. Hereinafter called the Burlington Company.

be caused by a wrongful act, neglect or default of another, and the act, neglect or default is such as would (if death had not ensued) have entitled the party injured to maintain an action and recover damages in respect thereof, then * * * the person who, * * * if death had not ensued, shall be liable to an action for damages * * *."

Section 3 of the same title and chapter provides that: "* * * in every such action the jury may give such damages as they may deem fair and just, not exceeding five thousand (5,000) dollars * * *."

The rule supported by the great weight of authority is that in an action for wrongful death, where the injury occurred outside of the state in which the action is brought, the amount of recovery is governed by the lex loci and not by the lex fori.[3]

The source of the Burlington Company's obligation and of the rights of Stoltz is the constitutional and statutory provisions of Utah. They fix both the right and the extent thereof. The rule of damages is an integral part of the right.[4]

The Colorado wrongful death statute does not attempt to give a right of action for wrongful death committed outside of Colorado, and the limitation in § 3 of Chap. 50, supra, by its terms is applicable only to actions based on § 2 of Chap. 50, supra. It does not purport to apply to actions brought for wrongful death under a statute of another state. Neither is there anything in the Colorado statute which indicates that Colorado regards full compensatory damages for wrongful death committed outside of Colorado to be contrary to good morals or natural justice, or violative of the public policy of Colorado.

Accordingly, the judgment is reversed and the cause remanded for further proceedings in accordance with this opinion.

3. Northern Pacific Railroad Co. v. Babcock, 154 U.S. 190, 197–198, 14 S.Ct. 978, 38 L.Ed. 958; W. W. Clyde & Co. v. Dyess, 10 Cir., 126 F.2d 719, 721, and cases there cited; Jackson v. Anthony, 282 Mass. 540, 185 N.E. 389–391; Restatement, Conflict of Laws, § 391. Contra: Armbruster v. Chicago, R. I. & P. R Co., 166 Iowa 155, 147 N.W. 337; Wooden v. Western N. Y. & P. R. Co., 126 N.Y. 10, 26 N.E. 1050, 13 L.R.A. 458, 22 Am.St. Rep. 803, but see criticism of minority rule in Loucks v. Standard Oil Co. of New York, 224 N.Y. 99, 120 N.E. 198, 200–202.

4. Jackson v. Anthony, 282 Mass. 540, 185 N.E. 389, 391–392.