## BURLINGTON TRANSP. CO. v. STOLTZ.
### No. 4273.

United States Court of Appeals
Tenth Circuit.

Oct. 11, 1951.

H. Berman, Denver, Colo. (Joseph N. Lilly, Denver, Colo., was with him on the brief), for appellant.

Clay R. Apple and L. J. West, Greeley, Colo., for appellee.

Before HUXMAN, MURRAH and PICKETT, Circuit Judges.

HUXMAN, Circuit Judge.

Earl C. Stoltz instituted this action against appellant, Burlington Transportation Company, to recover damages for the wrongful death of his minor son, while a passenger on appellant's bus. There is no conflict in the evidence. In fact, appellant defendant below introduced no evidence relating to the occurrence of the accident resulting in the death of appellee's minor son. The jury returned a verdict for plaintiff on which judgment was entered. Eight assignments of error are urged for reversal. All but one relate to alleged errors in the trial court's instructions. The last assignment relates to the exclusion of certain Colorado Statutes offered in evidence by appellant.

Only a brief statement of facts is essential to the questions presented. On the day in question appellee's son was a passenger on one of appellant's East bound busses, coming from California to his home in Greeley, Colorado. The accident occurred a short distance from Salt Lake City, Utah, about six miles West of Delle,

Utah. The bus on which appellee's son was riding was travelling East on the South side of a two-lane main highway. There was some ice and fog at the time, partially obscuring visibility, so that the bus was travelling with lights on. At the same time, one of appellant's busses was coming West on the same highway and travelling on the North side of the highway. Just before the accident, the West bound bus started to pass an automobile in its lane of traffic, going in a Westerly direction. In passing, it pulled into the South lane of traffic and met the East bound bus in a collision, nearly opposite the car it was attempting to pass. The collision caused the death of appellee's son.

■ It is contended that the court erred in its Instruction No. 1 and in refusing to give appellant's tendered Instruction No. 1. The court rejected appellant's Instruction No. 1 on the ground that its substance was included in the court's Instruction No. 9. In Instruction No. 1 the court, in addition to other matters, instructed the jury with respect to the defense of unavoidable accident, which was a defense tendered in appellant's answer. It instructed the jury that "The burden of proof is upon the defendant to prove, by a preponderance of the evidence, that the collision was due to an unavoidable accident." Appellant contends that the court should have added thereto "unless such evidence has been adduced on the plaintiff's case." In addition to Instruction No. 1, the trial court gave a separate instruction on unavoidable accident, in which after correctly defining unavoidable accident, it told the jury that "If you find from a preponderance of the evidence that the death of the plaintiff's son was due to an unavoidable accident, then your verdict should be in favor of the defendant." Since the only evidence adduced was by plaintiff, the jury would, of necessity, be required to resolve this issue under the instruction of the court from a consideration of that evidence. We think the two instructions considered together adequately guided the jury in its deliberations with respect to this defense. It is not necessary to consider a somewhat similar instruction which was before the Supreme Court in the case of Denham Theatre v. Beeler, 107 Colo. 116, 109 P.2d 643 upon which appellant relies, because the instructions there were entirely different from the instructions in this case.

■ Appellant complains of the court's refusal to give its tendered Instructions No. 2 and 3. Instruction No. 2 recited the Colorado Statute, 35 C.S.A. c. 50, § 3, limiting recovery for death to $5,000, and Instruction No. 3 instructed the jury that in no event could its verdict exceed the maximum amount of $5,000 fixed by the Statute. In a former appeal in this case, 178 F.2d 514, 15 A.L.R.2d 759, we held that the measure of damages was controlled by the law of Utah where the cause of action arose and not by the law of Colorado where it was tried. That decision became and is the law of the case. We are satisfied with that decision and are not inclined to accept appellant's invitation to reconsider the matter.

■ It is also urged that the court erred in refusing to give appellant's requested Instruction No. 4, in which it requested the court to instruct the jury "That many states have different laws regarding the amount of damages in a death case. The law of Colorado is that no more than $5,000 can be awarded. The law of Utah has no limit." Since the jury was bound by the law of Utah in the consideration of the amount of damages, the law of Colorado became wholly immaterial. Appellant cites Northern Pacific Railroad Company v. Babcock, 154 U.S. 190, 14 S.Ct. 978, 980, 38 L.Ed. 958, in support of such an instruction. But that case does not sustain its position. While in that case the trial court did give an instruction stating that "Many states have different laws. The law in this state [1] until recently was that only $5,000 could be given in a case of death. It has lately been increased to $10,000," the court, however, further instructed the jury that "The law of Montana limits it to such an amount as you think would be proper under all circumstances of the case, and

---

1. The cause of action there arose in Montana and was tried in Minnesota.

that is the law which will govern in this case." Appellant did not tender this instruction as a part of its requested Instruction No. 4. The appropriateness of the reference to the law of Minnesota (the lex fori) was not discussed or considered by the Supreme Court in the decision of that case. Since the law of Colorado with regard to the amount of allowable recovery was immaterial to a consideration of the question before the jury, reference thereto was properly eliminated from the case.

■ Neither did the court err in refusing appellant's requested Instruction No. 5, instructing the jury "That a driver suddenly realizing that he is confronted by an emergency, not created by his own negligence, is not to be charged with negligence for an error of judgment, if any, when practically instantaneous action is required." We agree with the trial court that there was no evidence in the case warranting the giving of this instruction.

■ Appellant argues that the court erred in that part of its Instruction No. 9, in which it told the jury that it "may consider the loss, if any, of comfort, society and companionship occasioned by the death of his son as elements of pecuniary loss." In Van Cleave v. Lynch, 109 Utah 149, 166 P.2d 244, 249, the Utah Supreme Court approved an instruction in the following words: "You should also take into consideration the financial loss to the plaintiff of the boy's comfort, society and companionship." The trial court used the words "pecuniary loss." The instructions in the Van Cleave case used the phrase "financial loss." The distinction which appellant seeks to draw between the two instructions is without merit. The loss of the comfort, society and companionship was an element of damages to be considered, together with any other elements of damages established in the trial. While the portion of the quoted instruction in the Van Cleave case does not contain the word "element," a reading of the entire instruction makes it

clear that the jury was instructed that such loss was but one of the elements or items of loss for which, if established, recovery might be had.

■ Objection is also made to that part of Instruction No. 9 in which the court instructed the jury that it might also "consider the present purchasing power of the dollar and award such damages, if any, as under all of the circumstances of the case may be just. * * *" There are numerous decisions, including decisions from Utah, holding that the change in the purchasing power of the dollar is proper to consider in arriving at a just award.[2] The Utah Supreme Court in a number of cases has considered the present purchasing power of the dollar in passing upon the amount of damages awarded. In McAfee v. Ogden Union Ry. & Depot Co., 62 Utah 115, 218 P. 98, 104, the Supreme Court in passing upon the adequacy of a verdict said: "The present cost of living must be considered, and the diminished purchasing power of the dollar must be taken into consideration when estimating damages." And in Van Cleave v. Lynch, 109 Utah 149, 166 P.2d 244, 250, the court again said: "The argument of counsel loses its apparent potency when reference is made to the dates of the cited decisions, 1901, 1903, and 1914.[3] The purchasing power of the dollar has greatly decreased since the dates of those decisions. This fact is so well known that we can take judicial notice of it." If the present value of the dollar is an element to consider in determining whether a verdict is adequate or excessive, it is proper in order to guide the jury in its deliberations that a proper instruction relating thereto be given.

Appellant offered in evidence the Colorado Statute relating to the maximum amount of recovery in death cases. The trial court excluded this evidence. The offer was made, as stated, by appellant in support of its continued contention that the Colorado Statute controlled the maximum

2. 12 A.L.R.2d, beginning on page 611; Dabareiner v. Weisflog, 253 Wis. 23, 33 N.W.2d 220, 12 A.L.R.2d 605; New Amsterdam Casualty Co. v. Soileau, 5 Cir., 167 F.2d 767, 6 A.L.R.2d 128.

3. See also Coke v. Timby, 57 Utah 53, 192 P. 624, 625.

amount of recovery notwithstanding that the cause of action arose in Utah. What has been said heretofore with regard to this question disposes of this contention.

We find no reversible error in the record and the judgment is accordingly Affirmed.