**BOLITHO v. BUCH EXP., Inc.**
Civ. No. 12169.

United States District Court,
E. D. Pennsylvania.

Nov. 15, 1951.

Richter, Lord & Farage, Philadelphia, Pa., for plaintiff.

Meyer, Lasch, Hankin & Poul, Philadelphia, Pa., for defendant.

WELSH, District Judge.

On June 21, 1950, when he met his death as the result of a collision in Elizabethtown, Pennsylvania, William K. Bolitho was a resident and citizen of Guttenberg, New Jersey. On April 27, 1951, his widow, Vera Bolitho, was appointed administratrix ad prosequendum by the Surrogate of Hudson County, New Jersey, and it was in that capacity that she brought this diversity of citizenship action under the Pennsylvania Wrongful Death Act of April 26, 1855, P.L. 309, 12 P.S. §§ 1602, 1603, and under the Pennsylvania Survival Act of July 2, 1937, P.L. 2755, 20 P.S. c. 3, Appendix, § 772, to recover damages for the death of her husband.

The defendant has moved to dismiss the action on the ground that the plaintiff is not the proper party to bring suit in this Court, the United States District Court for the Eastern District of Pennsylvania.

1. Under Fed.Rules Civ.Proc. Rule 17(b), 28 U.S.C.A., as the plaintiff here is suing in a representative capacity, her capacity to maintain the suit must be determined by the law of the state in which the district court is held which is here in Pennsylvania. Cooper v. American Air Lines, 2 Cir., 149 F.2d 355, 162 A.L.R. 318.

2. The applicable Pennsylvania Rules and Statute are as follows: 12 P.S. Appendix, Rule 2202(a) which provides " * * an action for wrongful death shall be brought only by the personal representative of the decedent for the benefit of those persons entitled by law to recover damages for such wrongful death;" 12 P.S. Appendix, Rule 2201 which provides " 'personal representative' means the executor, administrator, administrator c. t. a., administrator d. b. n. or administrator d. b. n. c. t. a. of the estate of a decedent, duly appointed by the Register of Wills of any county of this Commonwealth or by any will probated in this Commonwealth, and shall include one or more such, whether individual or corporate" and 20 P.S. Section 320.1101 (enacted 1949 after the adoption of the above-quoted Rules) which provides "A foreign fiduciary may institute proceedings in the Commonwealth (subject to the conditions and limitations imposed on nonresident suitors generally) and may exercise all the other powers of a similar local fiduciary * * *."

3. A reading of the above quoted language forces the conclusion that under the law of Pennsylvania the general administratrix was authorized to institute the present action and the administratrix ad prosequendum was not. This action which is brought by the administratrix ad prosequendum should therefore be dismissed, unless plaintiff's motion to amend so as to bring in Vera Bolitho, general administratrix, as an additional party plaintiff is granted. The widow, Vera Bolitho, had been appointed general administratrix by the Surrogate of Hudson County, New Jersey, on September 4, 1951.

4. The defendant challenges plaintiff's right to amend as requested on the ground that the amendment is barred by the one year statute of limitations in the Act of 1855. Under that Act an action brought more than one year after the death is barred and it is argued that an amendment bringing in an additional party plaintiff filed as here more than one year after the death is also barred. Rosenzweig, Adm'r v. Heller, 302 Pa. 279, 153 A. 346. The answer to defendant's argument, plaintiff maintains, is that under the Federal Rules of Civil Procedure the grant or refusal of amendments is almost wholly within the discretion of the Court and that other Federal Courts in analogous situations have allowed amendments substituting one party plaintiff for another, even though filed after the applicable statute of limitations on the cause of action has expired. Thus, it is the duty of this Court to resolve the conflicting views of counsel. That is to say, we must choose between a liberal interpretation of the Federal Rules on the one hand and the law of Pennsylvania on the other. We feel inclined and bound to choose the latter. Additionally, a contrary conclusion, we think, would violently extend the liberal interpretation of the Federal Rules. This we feel a district court is not at liberty to do.

5. Judge Watson in Fierstein v. Piper Aircraft Corporation, D.C., 79 F.Supp. 217, 218, a case substantially similar to the case

at bar, held that in view of the liberal construction given the Federal Rules the plaintiff should be allowed to amend the caption of the summons and complaint so that same will read "Lee Fierstein, as Executrix of the Last Will and Testament of Stanley Charles Fierstein, A Citizen and Resident of the State of Texas" instead of "Lee Fierstein, A Citizen and Resident of the State of Texas". Judge Watson made the foregoing holding in spite of the fact that the amendment in question had been filed after the statute of limitations on the cause of action had run.

6. This Court feels that the decision is contrary to the holding of the Pennsylvania Supreme Court in Rosenzweig v. Heller, supra. The latter tribunal held that an amendment substituting one plaintiff for another in a case under the Wrongful Death Act of 1855 cannot be allowed if filed after the one year statute of limitations provided for in such case has expired, for the effect of allowing an amendment under such circumstances would be to introduce a new cause of action. In the circumstances we feel bound to follow the law of Pennsylvania as expressed by that state's highest tribunal.

Accordingly, the motion of defendant to dismiss with respect to the cause of action brought under the Wrongful Death Act of 1855 will be granted.

It should be pointed out that the second cause of action which is brought under the Survival Act of 1937 is subject to a two year statute of limitations. 12 P.S. Pa. § 34. (See Stegner Administrator, v. Fenton, 351 Pa. 292, 40 A.2d 473.). As to that cause of action the statute of limitations has not yet expired. Thus, since an entirely new cause of action under the Survival Act of 1937 can be brought at the present time by Vera Bolitho, general administratrix, the plaintiff should certainly be allowed to amend the instant complaint so as to bring in herself in the capacity of general administratrix as an additional party plaintiff. A liberal interpretation of the Federal Rules justifies our granting such an amendment and the holding of the Rosenzweig case, supra, has no application since the statute of limitations on the cause of action brought under the Survival Act of 1937 has not yet expired.

Accordingly, plaintiff's motion to amend so as to bring in Vera Bolitho, general administratrix, as an additional party plaintiff with regard to the cause of action brought under the Survival Act of 1937 is granted.

An order in conformity with the foregoing opinion will be prepared and submitted.