Arline E. BARNES, individually, and Arline E. Barnes, Administratrix of the Estate of Albert Roy Barnes, Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY, a corporation, Defendant.

No. 3214.

United States District Court
D. Idaho, S. D.
March 14, 1956.

Harold Henigson, Nyssa, Or., Gigray & Boyd, Caldwell, Idaho, for plaintiff.

L. H. Anderson, Pocatello, Idaho, for defendant.

TAYLOR, District Judge.

This matter is presently before the Court on defendant's motion to dismiss the plaintiff's action on the grounds that her complaint fails to state a claim against the defendant upon which relief can be granted, that the amount of damages set forth in the complaint is in excess of that authorized by the statutes of the state of Oregon, that plaintiff cannot prosecute this suit individually or jointly with the administratrix, and that, as plaintiff is a foreign administratrix, she cannot maintain an action of this nature in Idaho. This Court has jurisdiction by virtue of 28 U.S.C.A. § 1332.

Defendant owns certain railroad tracks in Malheur County, Oregon. On December 18, 1954, Albert Roy Barnes was fatally injured when his Plymouth station wagon was struck by defendant's mail train when Barnes, driving west along Gem Avenue, a public highway, crossed said tracks at an intersection known as Arcadia Siding.

On June 28, 1955, Arline E. Barnes was appointed administratrix of her husband's estate pursuant to an order of the Probate Court of Malheur County, Oregon. She subsequently brought this action for the allegedly wrongful death of the decedent.

■■ The weight of authority is to the effect that in an action for wrongful death, where the fatal injuries occurred in a state other than the one in which the action is brought, the amount of

recovery is governed by the lex loci and not by the lex fori. The statute in force at the time of death governs the measure of damages. 25 C.J.S., Death, § 28. Curtis v. Campbell, 3 Cir., 76 F.2d 84, 86; Hupp Motor Car Corporation v. Wadsworth, 6 Cir., 113 F.2d 827, 829; Maynard v. Eastern Air Lines, 2 Cir., 178 F.2d 139, 141, 13 A.L.R.2d 646; Stoltz v. Burlington Transportation Co., 10 Cir., 178 F.2d 514, 515, 15 A.L.R.2d 759; Burlington Transp. Co. v. Stoltz, 10 Cir., 191 F.2d 915, 917; Zirkelbach v. Decatur Cartage Co., D.C., 119 F.Supp. 753, 754–755.

■ Idaho's wrongful death statute, § 5–311, Idaho Code, provides that "such damages may be given as under all the circumstances of the case may be just." Section 30.020, Oregon Revised Statutes, however, limits the amount recoverable in an action for wrongful death, declaring that "Such action shall be commenced within two years after the death, *and damages therein shall not exceed $20,000,* which may include a recovery for all reasonable expenses paid or incurred for funeral, burial, doctor, hospital or nursing services for the deceased." (Emphasis added.) As Barnes was killed in Oregon, the Oregon statute governs the amount of recovery in this action.

■■ Plaintiff cannot maintain this suit in her individual capacity. The question of who may sue to enforce a claim for wrongful death arising in a foreign state is generally held to be one of substantive right, rather than one of mere procedure, and is thus governed by the lex loci. 25 C.J.S., Death, § 28; Betts v. Southern Ry. Co., 4 Cir., 71 F.2d 787, 789; C. J. Peck Oil Co. v. Diamond, 5 Cir., 204 F.2d 179, 182; Anderson v. Lane, D.C., 97 F.Supp. 265, 267. Section 30.020, Oregon Revised Statutes, provides that "the personal representatives of the decedent" may maintain an action for the latter's wrongful death. The action must be brought by the personal representative of the deceased, and consequently the widow cannot maintain said action in her own name. Vaughn v. Bunker Hill & Sullivan Mining & Concentrating Co., C.C., 126 F. 895, 896.

■ Defendant contends that, as Arline E. Barnes was appointed administratrix in Malheur County, Oregon, she has no power or authority, as such foreign administratrix, to maintain this action in the state of Idaho. "Under the third sentence of Rule 17(b) [Fed. Rules Civ.Proc., 28 U.S.C.A.], the capacity of persons acting in a representative capacity, except federal receivers, to sue or be sued is determined by the law of the state in which the district court is held. This rule applies to executors and administrators and to guardians." 2 Barron and Holtzoff, § 486. Cooper v. American Airlines, 2 Cir., 149 F.2d 355, 357, 162 A.L.R. 318; Carter v. Pennsylvania R. Co., D.C., 9 F.R.D. 477, 478; Boyle v. Curtis Publishing Co., D.C., 11 F.R.D. 92; Bolitho v. Buch Exp., D.C., 12 F.R.D. 189, 190. "If the state law, although denying foreign administrators the capacity to sue, recognizes the capacity to sue of a representative under the wrongful death statute of another state, the federal court will follow this principle." 2 Barron and Holtzoff, *ibid.* Cooper v. American Airlines, supra; Smith v. Bevins, D.C., 57 F.Supp. 760, 762–764.

Section 15–317, Idaho Code, declares that "No person is competent to serve as administrator or administratrix who ∴s: 1. Not a bona fide resident of the state." Idaho does not have a statute which provides that a foreign administrator or administratrix can bring an action in the Idaho courts. The Supreme Court of Idaho has never been presented with this question, nor has it determined whether Idaho allows a foreign representative to sue under the wrongful death statute of another state.

21 Am.Jur., Executors and Administrators, § 981, declares that:

"Since a grant of administration has generally no operation outside the state in which it was made, an

executor or administrator cannot sue in his official capacity in the courts of any country or state other than that from which he derives his authority to act by virtue of the letters there granted to him, unless such authority is granted by statute or as a matter of comity. By virtue of this rule, the Federal courts in one state decline jurisdiction of actions by executors or administrators appointed in another, and who are not authorized to sue in the courts of the former state."

■ Generally, however, subject to some exceptions and limitations, an action for wrongful death based on the statute of one state may be enforced in a competent court of another state if such statute does not contravene the public policy *or positive law of the forum*. 25 C.J.S., Death, § 51. The reason for the distinction is stated in 16 Am. Jur., Death, § 398, as follows:

" * * * since the reason for denying the personal representative the right to sue in a foreign jurisdiction is predicated upon the idea that local creditors must be first satisfied before the representative may be permitted to recover local assets and transmit them to a foreign jurisdiction, the reason for the rule ceases to exist."

In Cooper v. American Airlines, supra, the executrix, a resident of Pennsylvania issued letters by a court of that state, brought a death action in the United States District Court for the Southern District of New York against the airlines, a Delaware corporation doing business in New York, to recover damages for the wrongful death of Cooper, also a Pennsylvania resident, in an aircraft accident in Kentucky. The Court of Appeals for the Second Circuit reversed a judgment dismissing the complaint and, in the absence of a decision on the question by the highest court of the state of New York, determined how the latter would decide the matter, holding that under the "law"

of New York there was an exception to the general rule (precluding suit by a foreign personal representative) when that representative sues for wrongful death occurring in another state whose wrongful death statute constitutes the representative a nominal plaintiff vested with a cause of action for the sole benefit of specified persons.

In Rybolt v. Jarrett, 112 F.2d 642, 648, the Fourth Circuit held that an administrator appointed in Indiana could not maintain an action in West Virginia brought under the West Virginia death by wrongful act statute, Code, 55–7–5, 55–7–6. The Court of Appeals, although it stated that the doctrine laid down by the liberal courts was the better one, declared that its decision was controlled by the provisions of a West Virginia statute, Code, 44–5–3, which specified that "No person not a resident of this State shall be appointed *or act* as executor, administrator, curator, guardian, or committee." This decision was later cited with approval in Coburn v. Coleman, D.C., 75 F.Supp. 107, 109, and Holt v. Middlebrook, D.C., 119 F.Supp. 295, 297, affirmed 4 Cir., 214 F.2d 187.

■ As previously stated, § 15–317, Idaho Code, declares that "No person is competent *to serve* as administrator or administratrix who is: 1. Not a bona fide resident of the state." (Emphasis added.) It seems reasonable to assume that the Supreme Court of Idaho, in view of § 15–317, would hold that a foreign administratrix cannot bring a wrongful death action in a state court in Idaho. Cf. In re Bones, 48 Idaho 85, 92, 280 P. 223. Plaintiff, appointed administratrix of the estate of Albert Roy Barnes by the Probate Court of Malheur County, Oregon, cannot maintain this action in the United States District Court for the District of Idaho. Rybolt v. Jarrett, supra.

Accordingly, it is ordered that the motion to dismiss of defendant Union Pacific Railroad Company be, and the same is hereby, granted.