Harold Tessler, J.
Motion by defendants under rule 107 of the Buies of Civil Practice to dismiss the amended complaint upon the following grounds: (1) that plaintiff is not the correct party plaintiff and hence does not have legal capacity to sue; (2) that there is another action pending between the same parties for the same relief; (3) that the action was prematurely commenced; (4) that plaintiff’s appointment as administratrix was invalid and did not authorize her to institute this action, and (5) that plaintiff does not have legal capacity to sue since decedent was a nonresident, plaintiff was appointed administratrix in New Hampshire and the accident occurred in Vermont.
G-rounds (2), (3) and (4) are without merit. A motion to dismiss on the ground of another action pending does not lie where a complaint has not been served in the other action. (Hirsh v. Manhattan Ry. Co., 84 App. Div. 374, 377-378; see 2 Carmody-Wait, New York Practice, p. 149.) Neither was this action prematurely commenced. Plaintiff was appointed administratrix on December 6, 1960, and this action was commenced on December 7, 1960. So far as the alleged invalidity of plaintiff’s appointment as administratrix is concerned, no facts whatever have been adduced in support of that charge.
G-rounds (1) and (5) of the motion, however, require more extended discussion.
The complaint contains two causes of action. The first, for wrongful death, alleges in substance as follows: On November 23, 1958, plaintiff’s intestate, her husband, a resident of the *972 State of New Hampshire, sustained injuries resulting in his death during the course of his employment as an ironworker in the construction of a building in the State of Vermont. The accident is attributed to defendants’ defective design and manufacture of certain vibration eliminators which were used to support the section of breeching which fell upon plaintiff’s intestate. He died on December 10,1958. On December 6, 1960, plaintiff was duly appointed administratrix of her husband’s estate by the Probate Court, County of Merrimack, State of New Hampshire. Prior to the commencement of this action, plaintiff, as widow of the deceased, was paid workmen’s compensation benefits in the total sum of $12,600.
At the time of the injury to and death of plaintiff’s intestate, continues the complaint, there were in effect sections 2926 and 2927 of the Vermont Revised Statutes of 1947 (now 14 V. S. A., §§ 1491, 1492), covering wrongful death actions. Section 2926 establishes the right of action. Subdivision (a) of section 2927 (now § 1492) provides that the action “ shall be brought in the name of the personal representative of such deceased person subdivision (b), that the court or inquiry may give such damages as are just “ to the wife and next of kin or husband and next of kin”; and, subdivision (c), that “ The amount recovered shall be for the benefit of such wife and next of kin or husband and next of kin, as the case may be ’ ’.
At the time of the injury to and death of plaintiff’s intestate, there was also in effect in the State of Vermont section 8078 of its Revised Statutes of 1947 (now 21 V. S. A., § 624). That section provided as follows: “ When an injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in some person other than the employer a legal liability to pay damages in respect thereto, the injured employee may, at his option, either claim compensation under the provisions of this chapter or obtain damages from or proceed at law against such other person to recover damages. If compensation is claimed and awarded under the provisions of this chapter, an employer having paid the compensation or having become liable therefor shall be subrogated to the rights of the injured employee to recover against that person. However, if the employer recovers from such other person damages in excess of the compensation already paid or awarded to be paid under the provisions of this chapter then any such excess shall be paid to the injured employee less the employer’s expenses and costs of action.”
In 1959, after the death of plaintiff’s intestate, section 8078 was amended to provide in pertinent part as folloAvs: ‘ ‘ Where *973 the injury for which compensation is payable under the provisions of this chapter was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies, but the injured employee or his personal representative may also proceed to enforce the liability of such third party for damages in accordance with the provisions of this section. If the injured employee or his personal representative does not commence the action within one year after the occurrence of the personal injury, then the employer or its compensation insurance carrier may, within the period of time for the commencement of actions prescribed by statute, enforce the liability of the third party in the name of the injured employee or his personal representative. * * * Any party in interest shall have a right to join in the suit but the direction and control of said suit shall be with the injured plaintiff.”
Continuing the first cause of action, plaintiff alleges that prior to his death her husband earned an average sum of approximately $7,500 a year, that he was 59 years of age when he died, and that she and his next of kin were damaged in the sum of $75,000, which sum will be distributed in accordance with the workmen’s compensation and decedent’s estate laws of Vermont.
The second cause of action is to recover damages in the sum of $25,000 for the personal injuries sustained by plaintiff’s intestate and for his pain and suffering.
The first ground of defendants’ motion, i.e., that plaintiff “ is not the correct party plaintiff and has no legal capacity to sue because deceased’s employer is proper party plaintiff and does not appear in this suit ’ ’ lacks merit. Even prior to the amendment of section 8078 in 1959, the Supreme Court of Vermont had held that an action against the third person wrongdoer was maintainable in the name of the injured employee provided that the interests of the subrogated party sufficiently appeared (Towne v. Rizzico, 113 Vt. 205 [1943]; Davis v. Central Vermont Ry. Co., 95 Vt. 180 [1921]), and they do here.
Furthermore, while no Vermont case has been found passing upon the question whether amended section 8078, which expressly authorizes the maintenance of this action in its present form, is to be given retroactive effect, it may be forcefully argued that the amendment was essentially remedial and procedural in nature and thus, under the general rule, is to be given such effect (see Shielcrawt v. Moffett, 294 N. Y. 180, *974 188-189; McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 55).
The fifth ground of defendants ’ motion is that 1 i the decedent was a non-resident of the State of New York and plaintiff was appointed Administrator in the State of New Hampshire and the accident described in the complaint occurred in the State of Vermont and plaintiff has no capacity to sue in New York.”
The three cases bearing most directly upon the question are Baldwin v. Powell (294 N. Y. 130, motion for re argument denied 294 N. Y. 840); Wiener v. Specific Pharms. (298 N. Y. 346), and Janes v. Sackman Bros. Co. (177 F. 2d 928 [U. S. Court of Appeals, 2d Circuit].)
In Baldwin, the decedent resided in Connecticut and the accident resulting in his death occurred in Florida. His administratrix, appointed in Connecticut, brought an action in this State to recover damages “ to the estate of the deceased ” (294 N. Y. 130, 132). Plaintiff’s intestate was not survived by anyone designated in the Florida wrongful death statute, i.e., spouse, minor child or dependent person. The court restated the general rule that a foreign administrator is without standing to sue in our courts without first obtaining ancillary letters and the exception to that rule of a foreign administrator designated a special statutory trustee by the law of the State of injury, and held that plaintiff had no capacity to sue since she was suing for damages for the general estate of the deceased and had not been constituted a special statutory trustee by the law of the State of injury.
In Wiener (298 N. Y. 346, supra), however, plaintiff, a resident of Michigan who was appointed administrator of his infant daughter’s estate by a Michigan court, was held to be a special statutory trustee under the wrongful death statute of that State and thus to have capacity to sue in this State to recover damages for her wrongful death which had occurred in Michigan. Judge Fuld, writing for a unanimous court, stated the basis for the general rule and its inapplicability to that case, as follows (pp. 351-352): “The rule barring foreign administrators from our courts is just and reasonable only if applied in cases, first, where there are domestic creditors, and, second, where the foreign administrator sues to recover a fund in which such creditors may share. Obviously, no prejudice threatens local creditors of the decedent if the wrongful death statute makes no provision for recovery on behalf of the general estate and, in fact, bars creditors’ claims against the proceeds. Suing under such a statute, plaintiff acts, not as an officer of the foreign court appointed by it as alter ego for the estate, but *975 as a trustee for the designated beneficiaries, the actual and real parties in interest. In such a case, the amount recovered truly constitutes a special fund for their exclusive benefit, and, since it is not subject to the claims of others, no danger exists that failure to require local qualification may harm or prejudice domestic creditors. With the primary and, perhaps, only reason for the rule thus removed, the rule itself has no sensible application and should not be invoked in this class of case.” (Emphasis in original.)
As to her first cause of action in the instant case, plaintiff is a special statutory trustee under the Vermont statutes discussed above and thus has capacity to sue in this State.
The second cause of action, however, is to recover for the personal injuries and pain and suffering of plaintiff’s intestate prior to his death. In the Wiener case, the Court of Appeals left open the question of ‘ ‘ the effect, if any, which the inclusion of such a claim may have upon our decision in another case.” (298 N. Y. 346, 349-350.) That question was presented and passed upon in the Janes case (177 F. 2d 928 [U. S. Court of Appeals, 2d Circuit] supra). There, plaintiff sought to recover damages for his infant son’s wrongful death in Michigan and for his pain and suffering prior to death. Plaintiff was appointed administrator of his son’s estate by a Michigan court and instituted the action on the original letters in a New York district court. The Circuit Court of Appeals held that, under New York law, plaintiff could maintain the action notwithstanding the joinder of the claim for wrongful death with that for pain and suffering, writing as follows (pp. 933-934): “ the recent Michigan cases * s * make it clear that the 1939 amendments to the Michigan Death Act have created a unitary action for death and survival. The plain wording and obvious intent of the statute is to make an administrator a statutory trustee for the entire unitary action. Thus on the reasoning of the Wiener case a rule requiring a Michigan administrator to obtain ancillary letters before he can recover in New York for the pain and suffering of his decedent no longer is justified, and plaintiff’s original letters are just as valid credentials for this portion of the claim as for that for damages for the death itself. We think a distinction made here would be based on that form of sheer verbalism which in the Cooper case, supra, we said — prophetically in fact — we would not ascribe to the New York Court of Appeals.”
The apparent difficulty in applying the reasoning of the Federal court to the second cause of action in the instant case is that the wrongful death statute here involved does not create *976 “ a unitary action for death and survival ” and thus does not make “ an administrator a statutory trustee for the entire unitary action.” The survival of actions for personal injury is separately provided for in Vermont (V. S. [1947], §§ 2922, 2923, now 14 V. S. A., §§ 1452, 1453]), as it is in this State (Decedent Estate Law, § 119). There is, however, in this case the additional factor that plaintiff is not only a special statutory trustee under Vermont’s wrongful death statute hut also under its workmen’s compensation act. The first $12,600 recovered in this action will have to be paid to the subrogee whether that sum be recovered on either or both of the causes of action. To deprive plaintiff of the right to proceed on her second cause of action may, therefore, be to deprive the subrogee of a very substantial right. Even the possibility of such a result should be avoided.
Defendants’ motion is accordingly in all respects denied.