**Peter J. BUJTAS, as Administrator of the Goods, Chattels and Credits of Peter P. Bujtas, Deceased, and Jerome L. Katz, as Administrator of the Goods, Chattels and Credits of Ira I. Katz, Deceased, Plaintiffs,**

**v.**

**HENNINGSEN FOODS INC., and Royal Motors Leasing Company, Inc., Defendants.**

**No. 73 Civ. 1783.**

United States District Court,
S. D. New York.

March 8, 1974.

Fuchsberg & Fuchsberg by Jacob D. Fuchsberg, New York City, for plaintiffs.

J. Robert Morris by George S. Pickwick, Joseph M. Mangino, New York City, for defendants.

## MEMORANDUM AND ORDER

BRIEANT, District Judge.

In this diversity action, citizens of Florida seek to recover damages from New York corporations for the wrongful death of their sons which resulted from an automobile accident in the State of Georgia. Plaintiffs, fathers of the decedents, were duly qualified as administrators in Dade County, Florida.

By this motion pursuant to Rule 15, F.R.Civ.P., plaintiffs seek to amend their complaint so as to conform expressly to requirements of the Georgia wrongful death statute on which their cause of action is based. Section 105–1307 of the Georgia Code states:

> "Homicide of child.—A mother, or, if no mother, a father, may recover for the homicide of a child, minor or sui juris, unless said child shall leave a wife, husband or child. The mother or father shall be entitled to recover the full value of the life of such child. In suits by the mother the illegitimacy of the child shall be no bar to recovery." Ga.Code Ann., § 105–1307. (4424) (1968)

Thus, plaintiffs now seek to join the mothers of each of the decedents as individual plaintiffs.

As a preliminary matter we note that plaintiffs are correct in asserting that Georgia law controls the question of who may sue to enforce the substantive right created by § 105–1307 of the Georgia Code. See Barnes v. Union Pacific R. R. Co., 139 F.Supp. 198 (D.Idaho 1956); D. J. Peck Oil Co. v. Diamond, 204 F.2d 179, 182 (5th Cir. 1953); Bremier v. Volkswagen of America, Inc., 340 F.Supp. 949, 951, n. 1 (D.D.C.1972); cf. Miller v. Perry, 456 F.2d 63, 64 (4th Cir. 1972). Also, this motion is not barred by the fact that none of the named plaintiffs, or those individuals the plaintiffs seek to join, are qualified as ancillary administrators in New York. See Rule 17(b), F.R.Civ.P. in conjunction with Leveille v. Kahn, 30 Misc.2d 970, 217 N.Y.S.2d 179 (Sup.Ct. 1961); Wiener v. Specific Pharmaceuticals, 191 Misc. 450, 77 N.Y.S.2d 590 (Sup.Ct. 1948), aff'd 274 App.Div. 751, 80 N.Y.S.2d 359 (1st Dep't. 1948), aff'd 298 N.Y. 346, 83 N.E.2d 673 (1949).

We now turn to the question of whether plaintiffs should be allowed to amend their complaint. Rule 15(a), F.R.Civ.P., after reciting several exceptions not relevant here, provides that "leave [to amend a pleading] shall be freely given when justice so requires."

The Supreme Court, has directed this provision of Rule 15 be strictly followed.

> "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)

Only for compelling reasons, such as undue delay or bad faith by the movant, or undue prejudice to the opposing party, should leave to amend be denied. Foman v. Davis, supra; Green v. Wolf Corp., 50 F.R.D. 220, 223 (S.D.N.Y.1970); 3 J. Moore, Federal Practice ¶ 15.08 [4], at 895–907 (1972 ed.)

662

  Here, largely through inadvertence, experienced New York attorneys representing plaintiffs drew their complaint following the usual form employed in New York wrongful death actions. They did not discover their error until reviewing their case file, after a firm trial date had been set by the Court. We perceive no prejudice to defendants if plaintiffs are now allowed to correct their mistake in pleading by joining the mothers of the deceased as individual plaintiffs. The theory of plaintiffs' action will remain the same; the proofs will remain the same. The only change will be one of form to comply with the requirements of Georgia law. Indeed, leave to amend has been granted in situations where the movants' behavior has been far more derelict than in this case. *E.g.,* Middle Atlantic Utilities Co. v. SMW Development Corp., 392 F.2d 380 (2d Cir. 1968); Green v. Wolf Corp., 50 F.R.D. 220 (S.D.N.Y.1970). See, 3 J. Moore, Federal Practice, ¶ 15.08 [4], at 901–02, 904 (1972 ed.).

It is not crucial that the Georgia statute of limitations would bar another independent claim by the mothers of the decedents were we to deny plaintiffs' motion. Ga.Code Ann. § 3–1004. (4497) (1961). Rule 15(c), F.R.Civ.P., provides that:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

"[P]rejudice must consist of more in this context] otherwise the doctrine of relation back would never apply." Kimbro v. United States Rubber Co., 22 F.R.D. 309, 311 (D.Conn.1958).

"If the original pleading gives fair notice of the general fact situation out of which the claim arises, the defendant will not be deprived of any protection which the state statute of limitations was designed to afford him." 3 J. Moore, Federal Practice, ¶ 15.15 [2], at 1021–22 (1972 ed.).

Plaintiffs' motion is granted to the extent of adding the respective mothers as additional parties plaintiff.

So ordered.