ROLAND L. BELSOME, Judge.
| jDefendants-Appellants appealed the trial court’s denial of their Motion for Summary Judgment, which was declared final on April 9, 2010. Pursuant to La. C.C.P. art. 1915, however, that interlocutory judgment could not be certified as final. Accordingly, we have converted the appeal in the above-captioned matter into a supervisory writ.
Plaintiff-Appellee Joseph Hermo owned a truck and trailer[1] which was used in connection with his business, Sunrise Contracting, LLC (“Sunrise”), to haul debris during the aftermath of Hurricane Katrina. On January 19, 2006, a dump truck owned by Defendant-Appellant, John La-Forge, tipped over onto Mr. Hermo’s truck at the Empire Pit dump site in Plaque-mines Parish, crushing Mr. Hermo’s truck. Mr. Hermo filed suit against Appellants Mr. Laforge and his insurer, Amerisure Mutual Insurance Company, alleging that the truck operated by Mr. LaForge was either overloaded or improperly loaded with wet debris, causing it to tip over and total Mr. Hermo’s truck. In Mr. Hermo’s original petition for ^damages, he sought to recover, inter alia, “a loss of business income as a result of this incident.”
In January 2010, the trial court granted Mr. Hermo’s motion to file an amended petition adding Sunrise as a party plaintiff. Appellants opposed the amendment, filing a motions and exceptions to dismiss Mr. *374 Hermo’s business loss claims. After a hearing on the matter, the trial court granted a partial motion for summary judgment and dismissed the business loss and business income claims, while reserving individual property damage claims to Mr. Hermo. The trial court also granted Appellants’ exceptions of no right/no cause of action, stating in the judgment that Mr. Hermo was not the proper party to bring the business losses. Appellants subsequently filed a Motion for Summary Judgment and/or Exceptions of No Right/Cause of Action, and/or Exception of Improper Joinder and Exception of Prescription, seeking to dismiss Mr. Hermo’s amended petition. The trial court found that the amended petition related back to Mr. Her-mo’s original petition for damages, and denied the motion on April 5, 2010, issuing detailed Reasons for Judgment. It is this denial of summary judgment and exceptions that is the subject of this supervisory writ.
The Louisiana Supreme Court has established a four-part test when determining whether an amended petition adding a plaintiff can relate back to the original petition pursuant to La. C.C.P. art. 1153.[2] An amendment adding a plaintiff relates back if:
la(l) the amended claim arises out of the same conduct, transaction, or occurrence set forth in the original pleading; (2) the defendant either knew or should have known of the existence and involvement of the new plaintiff; (3) the new and the old plaintiffs are sufficiently related so that the added or substituted party is not wholly new or unrelated; (4) the defendant will not be prejudiced in preparing and conducting his defense.
Giroir v. South Louisiana Medical Center, Division of Hospitals, 475 So.2d 1040, 1044 (La.1985).[3]
Appellants’ three assignments of error essentially assert that the trial court erred by allowing Mr. Hermo to amend his petition to add Sunrise as a plaintiff because the third prong of the test articulated in Giroir is not met.
Applying the Giroir test, we find that the amendment relates back to Mr. Hermo’s original petition. The amendment plainly stems from the same conduct, transaction, or occurrence set forth in the original pleading: the damage to Mr. Her-mo’s truck on January 19, 2006. The facts in the original petition plainly put Appellants on notice of the reasonable possibility that Mr. Hermo’s business losses were tied to an actual business. See Giroir, 475 So.2d at 1044. Furthermore, Sunrise is “sufficiently related” to Mr. Hermo, as Mr. Hermo and his wife are not only the only corporate officers, but are also the only registered agents of Sunrise. Additionally, as previously noted herein, Mr. Her-mo’s personal truck and trailer were used to conduct Sunrise’s business. Finally, Appellants also “failed to show that they were in any way injured or impaired in their ability to investigate, ^preserve evidence, and prepare defenses,” as Appel *375 lants “already were on notice of the facts out of which [Mr. Hermo’s] claim arose,” and the sole corporate representative, Mr. Hermo, has been deposed with regard to Sunrise. See id. at 1044-1045. Likewise, all relevant information relating to Sunrise has already been produced in discovery. Id. Accordingly, we find that all elements of the Giroir test have been met under these facts and circumstances.
For the foregoing reasons, the writ is hereby denied.
WRIT DENIED.

. The truck and trailer were both registered and insured in Mr. Hermo’s name. Mr. Her-mo insured the truck and trailer with Progressive Insurance Company.

. "When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.” La. C.C.P. art. 1153.

. (citing Ray v. Alexandria Mall, 434 So.2d 1083, 1087; Leachman v. Beech Aircraft Corp., 694 F.2d 1301 (D.C.Cir.1982); Hockett v. American Airlines, 357 F.Supp. 1343 (N.D.Ill.1973); Williams v. United States, 405 F.2d 234 (5th Cir.1968); Paskuly v. Marshall Field & Co., 494 F.Supp. 687 (N.D.Ill.1980); Bujtas v. Henningsen Foods, Inc., 63 F.R.D. 660 (S.D.N.Y.1974); 3 Moore’s Federal Practice § 15.15[4-1] at 15-220 (1982)).