## HULBERT v. CITY OF TOPEKA.

*(Circuit Court, D. Kansas. April 9, 1888.)*

1. DEATH BY WRONGFUL ACT — RIGHT TO MAINTAIN ACTION—PERSONAL REPRESENTATIVE.

 Comp. Laws Kan. 1879, § 420, provides that "in addition to the causes of action which survive at common law, causes of action * * * for an injury to the person * * * shall also survive;" and by section 422 it is enacted that the personal representatives of one whose death has been caused by wrongful act may maintain an action therefor, the damages recovered therein to "inure to the exclusive benefit of the widow and children, if any, or next of kin." *Held,* that the right of action in favor of the personal representatives, under section 422, was exclusive, and that such representatives had no right of action under section 420 for injuries to the person where the injuries were such as to cause death.

2. SAME—CONFLICT OF LAWS.

 The right of action for injuries resulting in death being vested under 1 Rev. St. Mo. 1879, §§ 2121 and 96, solely in the surviving consort, children, etc., an administrator of that state- has no standing in the federal courts sitting in Kansas, under Comp. Laws Kan. 1879, § 422, vesting such right of action in the personal representative to recover damages for the death of his intestate caused there by wrongful act. Following *Limekiller* v. *Railroad Co.,* 33 Kan. 83, 5 Pac. Rep. 401.[1]

3. SAME—PLEADING—AMENDMENT.

 A petition against a city in Kansas, to recover damages for personal injuries resulting to plaintiff's intestate from defendant's failure to keep its streets in repair, set up the fact of the injury; that said intestate had been seriously hurt and put to considerable expense for medical attendance, etc., that she remained disabled and enfeebled up to the time of her death, and that her death was the result of the accident. The administrator was appointed in Missouri, and a demurrer to the petition was sustained on the ground, among others, that, under the laws of that state, such an action could not be maintained by the personal representatives, but should be brought by the distributees, as provided by 1 Rev. St. Mo. 1879, § 2121. Leave having been given, an amended petition was filed, but the only additional matter set out was that the deceased had left a husband and son, naming them, and that they were her next of kin. *Held,* on demurrer, that the additional matter did not change the question, and that the petition should be dismissed.

At Law. On demurrer to complaint.

This was an action by A. G. Hulbert, the Missouri administrator of one Frances G. Hulbert, to recover damages from the city of Topeka, on the ground that her death had been caused by the negligent manner in which that city kept its steeets. The accident occurred in August, 1879, and Mrs. Hulbert died in St. Louis, Mo., in March, 1886. The laws of that state as to this class of actions are found in 1 Rev. St. Mo. 1879, and are as follows:

"Sec. 94. Executors and administrators shall collect all money and debts of every kind due to the deceased, and give receipts and discharges therefor; and shall commence and prosecute all actions which may be maintained and

---

[1]Although, at common law, actions *ex delicto* for injury to the person abate upon the death of the person injured, yet where the statute in the state in which the injury is inflicted gives a right of action to the personal representative in such case, that right may be enforced in another state having a similar statute, in a court having jurisdiction of the defendant. Burns v. Railroad Co., (Ind.) 15 N. E. Rep. 230. It must appear from the record that the right of action could be maintained by the plaintiff in the state where the injury occurred. Hamilton v. Railway Co., (Kan.) 18 Pac. Rep. 57.

are necessary in the course of his administration, and defend all such as are brought against him.

"Sec. 95. They shall prosecute and defend all actions commenced by or against the deceased at the time of his death, and which might have been prosecuted or maintained by or against such executor or administrator.

"Sec. 96. For all wrongs done to the property, rights or interest of another, for which an action might be maintained against the wrong-doer, such action may be brought by the person injured, or, after his death, by his executor or administrator, against such wrong-doer; and, after his death, against his executor or administrator, in the same manner, and with the like effect, in all respects, as actions founded upon contract.

"Sec. 97. The preceding section shall not extend to actions for slander, libel, assault and battery, or false imprisonment, nor to actions on the case for injuries to the person of the plaintiff, or to the person of the testator or intestate of any executor or administrator."

"Sec. 2121. Whenever any person shall die from any injury, resulting from or occasioned by the negligence, unskillfulness, or criminal intent of any officer, agent, servant, or employe while running, conducting or managing any locomotive, car, or train of cars; or of any master, pilot, engineer, agent, or employe while running, conducting, or managing any steam-boat, or any of the machinery thereof; or of any driver of any stage-coach, or other public conveyance, while in charge of the same as a driver; and when any passenger shall die from any injury resulting from or occasioned by any defect or insufficiency in any railroad, or any part thereof; or in any locomotive or car; or in any steam-boat, or the machinery thereof; or in any stage-coach, or other public conveyance,—the corporation, individual, or individuals in whose employ any such officer, agent, servant, employe, master, pilot, engineer, or driver shall be at the time such injury is committed, or who owns any such railroad, locomotive, car, stage-coach or other public conveyance at the time any injury is received, resulting from or occasioned by any defect or insufficiency above declared, shall forfeit and pay for every person or passenger so dying the sum of five thousand dollars, which may be sued for and recovered —*First*, by the husband or wife of the deceased; or, *second*, if there be no husband or wife, or he or she fails to sue within six months after such death, then by the minor child or children of the deceased; or, *third*, if such deceased be a minor and unmarried, then by the father and mother, who may join in the suit, and each shall have an equal interest in the judgment; or, if either of them be dead, then by the survivor. In suits instituted under this section it shall be competent for the defendant, for his defense, to show that the defect or insufficiency named in this section was not a negligent defect or insufficiency.

"Sec. 2122. Whenever the death of a person shall be caused by a wrongful act, neglect, or default of another, and the act, neglect, or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who, or the corporation which, would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured.

"Sec. 2123. All damages accruing under the last preceding section shall be sued for and recovered by the same parties, and in the same manner as provided in section two thousand one hundred and twenty-one, and in every such action the jury may give such damages, not exceeding five thousand dollars, as they may deem fair and just, with reference to the necessary injury resulting from such death, to the surviving parties who may be entitled to sue, and also having regard to the mitigating or aggravating circumstances attending such wrongful act, neglect or default."

The laws of Kansas referred to in the opinion are found in Dassler's Comp. Laws Kan. 1879, and are as follows:

"Sec. 420. In addition to the causes of action which survive at common law, causes of action for mesne profit, or for an injury to the person, or to real or personal estate, or for any deceit or fraud, shall also survive; and the action may be brought notwithstanding the death of the person entitled or liable to the same."

"Sec. 422. When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action, had he lived, against the latter for an injury for the same act or omission. The action must be commenced within two years. The damages cannot exceed ten thousand dollars, and must inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased."

*G. N. Elliott*, for plaintiff.
*W. A. S. Bird*, for defendant.

BREWER, J. This case is now submitted on a demurrer to a second amended petition. The facts are these: On August 21, 1879, Frances G. Hulbert, the plaintiff's intestate, while on one of the streets of the city of Topeka, was injured; and it was claimed that the injury was caused by the negligence of the defendant in failing to keep that street in good repair. On the 3d of March, 1880, she filed her petition in the state court. The case remained there for some four years and over, during which time it was tried, but the trial resulted in a hung jury. Thereafter it was removed to this court, and another trial had, with like result. On the 20th of March, 1886, she died, being then a resident of St. Louis, and the present plaintiff was duly appointed her administrator by the probate court of St. Louis. The first amended petition set up the fact of the injury; that by it the deceased was seriously injured, and was put to considerable expense for medical attendance, etc.; and that she remained disabled and infeebled up to the time of her death, and that those injuries caused her death. To this petition a demurrer was filed, which was sustained by my Brother FOSTER, and leave given to file a second amended petition. The only additional matter set forth in this petition is that the deceased left surviving a husband and son, naming them, who are her next of kin. I do not see that this changes the question in the slightest degree; so that this demurrer simply brings up for a second hearing the matter once determined by the district judge. Upon the question thus presented, although I might content myself with saying that the matter has once been settled in this court, I make these observations:

The federal courts sitting in this state administer the laws of the state as prescribed by its legislature, and expounded by its supreme court. Whatever limitations there may be to this general rule do not apply in a case of this kind, which depends simply upon the construction to be given to the statutes of the state. At common law no action for personal injuries survived, and if there be a survival in this state, and to

the extent that there is a survival, must be determined by the state statutes. Now, that an administrator appointed in Missouri cannot maintain an action under section 422 for a wrongful act causing death to the intestate, is settled in the case of *Limekiller* v. *Railroad Co.*, 33 Kan. 83, 5. Pac. Rep. 401. The supreme court of Missouri, construing the statutes of that state, also rules that an administrator cannot maintain such an action in her courts. *Vawter* v. *Railway Co.*, 84 Mo. 679. The only action which can be maintained in Kansas when the wrongful act of the defendant causes the death of the intestate is that provided for by section 422. This was affirmed by the supreme court in *McCarthy* v. *Railroad Co.*, 18 Kan. 46, in which the court uses this language: "Section 420,"—which section provides for a survival of actions for personal injuries,—"as construed with section 422, only causes an action to survive for injuries to the person when death does not result from such injuries, but does occur from other circumstances. The right of action under section 422 is exclusive, and an administrator could not maintain an action under sections 420 and 422 for the same injury. When death results from wrongful acts, section 422 is intended solely to apply. *Read* v. *Railway Co.*, L. R. 3 Q. B. 555; *Andrews* v. *Railroad Co.*, 34 Conn. 57." I was a member of the supreme bench of Kansas at the time this opinion was filed and concurred in it. I feel constrained to follow that decision; and yet I may be permitted to say that my examination of this case has led me to doubt the correctness of that conclusion, for the measure of damages and the basis of recovery under the two sections are entirely distinct. Section 422 gives a new right of action,—one not existing before; an action which is not founded on survivorship; an action which takes no account of the wrong done to the decedent, but one which gives to the widow or next of kin damages which have been sustained by reason of the wrongful taking away of the life of the decedent. It makes no difference whether the injured party was killed instantly, or lived months; whether he suffered lingering pain or not; whether or not he was put to any expense for medical attendance and nursing. None of these matters are to be considered in an action under section 422; and the single question is, how much has the wrongful taking away of his life injured his widow or next of kin? It is an action to recover damages for the death, and in no sense a survival of an action which accrued to the decedent before his death; whereas, on the other hand, section 420 provides for the survival of an action which the decedent himself had in his life-time. Suppose, as in this case, the decedent lived a long time after injury; was put to great expense for medical attendance and nursing,—for these matters which work a loss to the estate, she had a right of action in her life-time. That action, it is which, by section 420, survives. The distinction between the two sections is pointed out by the supreme court of Vermont in *Needham* v. *Railroad Co.*, 38 Vt. 294, as follows:

"The principles on which the intestate's cause of action rested at common law are the same, irrespective of the cause of his death. He had a right of action for the injury, and that right existed till his death. At common law

his right of action died with his person, but is revived by the statute in favor of his administrator. The action by the administrator, founded on the claim of his intestate under the provisions of section 12, could include nothing more than his intestate's cause of action. That section simply revives, but does not enlarge, the common-law right of the intestate. Under the provisions of that section it is evident that no damages could be assessed by reason of his death, nor resulting from his death. The sum recovered by the administrator in an action founded exclusively upon the claim of his intestate, under the provisions of the twelfth section, would be treated as assets in the hands of the administrator for distribution among the creditors and heirs of the intestate, agreeably to the general provisions of our statute. The intent of the fifteenth, sixteenth, and seventeenth sections was to make the damage, or pecuniary injury resulting from such death to the widow and next of kin, the subject of a new cause of action and right of recovery wholly distinct from the consequences of the wrong to the injured party, and wholly distinct from his claim for damages resulting from such injury. The provisions of the last-mentioned sections have introduced principles wholly unknown to the common law, or to any previous statute of this state, namely, that the value of a man's life to his wife and next of kin constitutes a part of his estate to be administered by his personal representative, and that the whole proceeds of the recovery for such loss shall go to his widow or surviving relatives. Notwithstanding the action in such case is to be prosecuted in point of form by the executor or administrator, he is only a trustee of the sum recovered, for the use of the widow and next of kin; and the sum so recovered cannot be treated as assets in his hands for distribution among the creditors. No right of action under the provisions of section 15 exists during the life time of the injured party. When death occurs from the injury, the right of action given under the provisions of that section arises after and at the moment of his decease. The damages resulting from his death are then prospective. Such damages to the widow and next of kin begin where the damages of the intestate ended, viz., with his death."

So, also, in *Blake* v. *Railway Co.*, 10 Eng. Law & Eq. 443, COLRIDGE, J., commenting on the British statutes, says:

"It will be evident that this act does not transfer this right of action [for loss and suffering of the deceased] to his representatives, but gives to the representatives a totally new right of action upon different principles." "The measure of damages is not the loss or suffering of the deceased, but the injury resulting from his death to the family."

It is obvious that both of these causes of action may exist against two different parties, and why may they not exist against the same party? Suppose A. commits an assault and battery upon B., a cause of action exists in favor of B. against A. for those injuries which survives by section 420. Suppose, after such action is instituted by B., he should be killed by the wrongful acts of C. There certainly would be an action under section 422 against C. for such wrongful death. Would that defeat the first action, or would not that survive, as provided under section 420? If that be true where there are two wrong-doers, why should it not also be true where there is but one wrong-doer? Still, although I am much impressed with the force of this reasoning, I feel constrained to follow the decisions of the supreme court of the state; for, as I said heretofore, this court is bound to administer the laws of the state as in-

terpreted by her supreme court. The demurrer will be sustained. As the amount in controversy is over $5,000, of course, the plaintiff can take the opinion of the supreme court.