FENTON v. SINCLAIR REFINING CO.

No. 34917.   Feb. 5, 1952.

*240 P. 2d 748.*

I. D. Moseley, Robert W. Raynolds, John M. Wheeler, and John Wheeler, Jr., Tulsa, for plaintiffs in error.

Ralph W. Garrett, Robert L. Imler, I. L. Lockewitz, and Dudley C. Phillips, Tulsa, for defendant in error.

BINGAMAN, J. This action was commenced by William Fenton, as administrator of the estate of Noble T. Rush, deceased. The petition alleges the death of Noble T. Rush at or near Cincinnati, Ohio, and the representative capacity of plaintiff. It further alleges that decedent left surviving his widow and three minor children, and asserts that the action is maintained for the benefit of said widow and minor children.

The petition also alleges that decedent was employed as an airplane pilot by the defendant corporation on October 7, 1946. The plane was based in and serviced in Tulsa, and all flights originated there. Negligence in the failure to keep the airplane in proper repair was asserted and that as a result thereof the death of Rush was caused. The accident and death occurred about two miles southwest of the Cincinnati, Ohio, airport on May 8, 1948.

A demurrer on the ground that plaintiff had no legal capacity to sue was sustained. The plaintiff appeals.

The determinative questions are: Can an Oklahoma administrator maintain

an action for wrongful death, arising outside the State of Oklahoma, if the statutes where the cause arose authorize suit by an administrator, and, if so, does his failure to plead the foreign statute giving him the right to maintain such action render his petition demurrable on the ground that he has no legal capacity to sue?

The petition does not disclose where the administrator was appointed. It is stated in the briefs, however, that the administrator is a domiciliary administrator appointed in Tulsa county, Oklahoma. The briefs also assert that the injury and death occurred in Kentucky. We, therefore, assume that both of these statements are correct.

The Oklahoma statute authorizing an administrator to sue for wrongful death is 12 O. S. 1951 §1053. This statute was originally adopted from Kansas, but substantial changes have been made by amendment. Prior to the adoption of the statute here it was construed by the Supreme Court of Kansas in McCarthy v. Chicago, R. I. & P. R. Co., 18 Kan. 46, and by that court held to have no extraterritorial force. It was held that such statute did not confer the right on a Kansas administrator to sue for wrongful death from an injury inflicted in Missouri, where the Missouri statute did not authorize suit by an administrator. Although this construction by the Kansas court is admitted by the plaintiff in error, it is contended such construction has never been adopted in Oklahoma, and that in fact the statute has had a different construction here.

The McCarthy opinion carefully pointed out that the statute in Kansas fixed the amount of the damages and also limited same to the use of the widow and children or next of kin, as well as take away the right of the administrator to sue for the benefit of the estate generally. Apparently considerable importance was attached to the provision of the statute limiting the amount of the recovery. In a quotation therein contained the Kansas court carefully noted that the recovery was a "statute penalty", by reason of such limitation in the recovery. Oklahoma has eliminated the limitation on the amount of recovery and allows recovery to the extent of the damage. The statute here has always been regarded as remedial and the recovery fixed by the pecuniary loss.

"In order to maintain the action, the existence of the beneficiaries named in the statute and the pecuniary loss to them must be alleged and proved." Missouri, K. & T. Ry Co. v. Canada, 130 Okla. 171, 265 P. 1045.

The rule of the McCarthy case has been changed by statute in Kansas. The correctness of the decision has also been questioned by Mr. Justice Brewer, who participated in the disposition of the case while a member of the Kansas Supreme Court, in his decision in Hulbert v. City of Topeka, 34 Fed. 510, after his appointment to the Federal bench. The McCarthy case has also been criticized in Dennick v. Central R. R. Co., 103 U. S. 11. It was repudiated by this court in St. Louis & S. F. R. Co. v. Goode, Adm'r, 42 Okla. 784, 142 P. 1185, in which we said:

"But it is contended, . . . that the case of McCarthy v. C. R. I. & P. R. Co., 18 Kan. 46, 26 Am. Rep. 742, decided by the Kansas Court in 1877, and the later cases following it are controlling. It is true in that case the court seems to have held that the section allowing a recovery of pecuniary loss to certain beneficiaries took away the right of the administrator to sue for the benefit of the state, where death resulted from the injuries. . . Therefore we feel that the statute having come here construed, as it had been by so many states, contrary to the Kansas construction, we are not bound, as a matter of law, to follow the Kansas rule. We are strengthened in this belief when we read the criticism of the Kansas construction, . . . announced in Hulbert v. City of Topeka, 34 Fed. 510, by Judge Brewer, who was on the Kansas court at the time, and concurred in the McCarthy decision."

The provision of the statute limiting the amount of recovery which was apparently one of the controlling reasons for the Kansas court adopting the McCarthy decision and holding the statute penal has been removed from the Oklahoma statute by amendment. And this court, in St. Louis & S. F. R. Co. v. Goode, supra, repudiated the doctrine that an administrator could not sue for the benefit of the estate where death resulted from an injury, which was the other controlling reason expressed by the Kansas court for adopting the McCarthy opinion.

This identical question was considered by the Supreme Court of Utah, in Utah Savings & Trust Co. v. Diamond Coal & Coke Co., 26 Utah 299, 73 P. 524, where, considering a case where the injury and death occurred in Wyoming, the court held:

"The right of action for wrongful death provided by Rev. St. Wyo., 1887, Sec. 2364A, and the following section, is not limited in its enforcement to a trustee for the persons entitled to damages recovered therein, appointed in that state, but the right of action is transitory in its nature, and may be maintained in the courts of another state having jurisdiction of such matters, and having acquired jurisdiction of the parties."

The case was followed by the Utah court in Re Lowham's Estate, 30 Utah 436, 85 P. 445. To the same effect is Denver & R. G. R. Co. v. Warring, 37 Colo. 122, 86 P. 305, from the Supreme Court of Colorado, where the court held:

"Where an intestate was killed by the wrongful act of a railroad company in a state whose statutes authorized an action therefor on behalf of his personal representatives, the action, being transitory, could be properly maintained by intestate's administratrix in Colorado; the action not being contrary to the policy of the Colorado laws."

Considering the identical question, the United States Supreme Court, in Dennick v. Central R. Co., 103 U. S. 11, held:

"With every respect for the courts which have held otherwise, we think that sound principle clearly authorizes the administrator in cases like this to maintain the action."

The Oklahoma administrator is under the control of the Oklahoma courts and the disposition of any fund recovered by him, in accordance with the laws of the state where the cause of action accrued, can be readily enforced. We therefore see no reason for denying an Oklahoma administrator the right to maintain such an action in the courts of this state.

The petition, however, fails to plead the laws of Kentucky where it is stated the injury constituting the cause of action occurred. The demurrer was directed only to the question of legal capacity to sue and did not raise the issue of whether the petition alleged facts sufficient to constitute a cause of action. It appears settled that the foreign statutes determine the substance of the cause of action and that the right of the administrator to maintain the action is an allegation of the cause of action rather than a test of his capacity to sue. In the early Kansas case of Winfield Town Co. v. Maris, 11 Kan. 128, the court said:

"The demurrer was not tenable on the first ground alleged in it, that the plaintiff had no legal capacity to sue, for that ground only goes where there is a legal incapacity, such as infancy, coverture, lunacy, and the like."

To the same effect is the holding of this court in Missouri, K. & T. Ry. Co. v. Lenahan, 39 Okla. 283, 135 P. 383, where, considering a very similar situation on the right of the plaintiff to maintain an action, we held:

"Want of legal capacity to sue refers to a general legal disability, such as infancy, idiocy, lunacy, or want of title in the plaintiff to the character in which he sues, . . . hence, in such a case, a demurrer to a complaint, on the ground that it does not state facts sufficient to constitute a cause of action, raises the question of the right of plaintiff to maintain the action."

The rule was followed in Harrington v. Central States Fire Ins. Co., 169 Okla. 255, 36 P. 2d 738:

"The first assignment of error is that the plaintiff had no legal capacity to sue. The objection that the plaintiff had no legal capacity to sue goes to his right to maintain the action at all; as, for instance, that he is an idiot, or insane, or a minor, etc., and, when the contrary does not appear upon the face of the petition, the plaintiff is presumed to have the legal capacity to sue and the burden is upon the defendant in the first instance to show that such capacity does not exist, and this objection is entirely without merit."

Since the demurrer did not raise the issue of the sufficiency of the allegations to state a cause of action, but was based solely on the ground of lack of legal capacity to sue, the judgment must be reversed.

HALLEY, V. C. J., and WELCH, CORN, DAVISON, JOHNSON, and O'-NEAL, JJ., concur.