Suzanne Thomas RICHARDS, nee Wadlow, individually and for the use and benefit of Debra Sue Richards, Appellant,

v.

UNITED STATES of America, and American Airlines, Inc., Appellees.

Harvey BARUCK, Administrator of the Estate of Robert I. Zelens, Deceased, Appellant,

v.

UNITED STATES of America, and American Airlines, Inc., Appellees.

Clarine FAROUGH, individually, and for the use and benefit of John Allen Farough and Mary Kay Farough, minors, Appellant,

v.

UNITED STATES of America, and American Airlines, Inc., Appellees.

Bernice L. MAUPIN, individually, and for the use and benefit of Marie Elleene Maupin, a minor, Appellant,

v.

UNITED STATES of America, and American Airlines, Inc., Appellees.

Margaret J. HOWE, Appellant,

v.

UNITED STATES of America, and American Airlines, Inc., Appellees.

Elizabeth R. CROSS, Executrix of the Estate of John Leland Cross, Jr., Deceased, Appellant,

v.

UNITED STATES of America, and American Airlines, Inc., Appellees.

Therese B. AKIN, Executrix of the Estate of Morris W. Akin, Deceased, Appellant,

v.

UNITED STATES of America, and American Airlines, Inc., Appellees.

Althea S. GATES, nee Bergtholdt, individually, and for the use and benefit of William Randall Gates, a minor, Appellant,

v.

UNITED STATES of America, and American Airlines, Inc., Appellees.

Ruth Jean CARR-HARRIS, Administratrix of the Estate of Donald Dale Carr-Harris, Deceased, Appellant,

v.

UNITED STATES of America, and American Airlines, Inc., Appellees.

Anna Mae O'NEAL, surviving widow of William E. O'Neal, Deceased, Appellant,

v.

UNITED STATES of America, and American Airlines, Inc., Appellees.

Margaret Emma BARRON, individually, and for the use and benefit of Charles Donovan Barron and William Brooks Barron, minors, Appellant,

v.

UNITED STATES of America, and American Airlines, Inc., Appellees.

Myra FIELDS, Administratrix of the Estate of Harold M. Fields, Deceased, Appellant,

v.

UNITED STATES of America, and American Airlines, Inc., Appellees.

Virginia HOBSON, individually and for the use and benefit of John Hobson, David Hobson, Steven Hobson, Sammy Hobson, and Timothy Hobson, minors, Appellant,

v.

UNITED STATES of America, and American Airlines, Inc., Appellees.

Josephine M. SCHMYSER, Administratrix of the Estate of Herman F. Schmyser, Deceased, Appellant,

v.

UNITED STATES of America, and American Airlines, Inc., Appellees.

Nos. 6378-6391.

United States Court of Appeals Tenth Circuit.

Nov. 25, 1960.

Joseph A. Sharp, Tulsa, Okl. (Speiser, Quinn & O'Brien, Edward M. O'Brien, New York City, Rucker, Tabor, Best, Sharp & Shepherd, Truman B. Rucker and O. H. "Pat" O'Neal, Tulsa, Okl., were with him on the brief), for appellants.

Sherman L. Cohn, Atty., Dept. of Justice, Washington, D. C. (George Cochran Doub, Asst. Atty. Gen., B. Hayden Crawford, U. S. Atty., Tulsa, Okl., and Morton Hollander, Atty., Dept. of Justice, Washington, D. C., were with him on the brief), for appellee United States.

Fred M. Mock, Oklahoma City, Okl. (W. B. Patterson, Dallas, Tex., and Mei-

vin F. Pierce, Oklahoma City, Okl., were with him on the brief), for appellee American Airlines, Inc.

Before MURRAH, Chief Judge, and BRATTON and PICKETT, Circuit Judges.

BRATTON, Circuit Judge.

A passenger airplane owned and operated by American Airlines on a regularly scheduled flight crashed in Missouri and everyone on board was killed. Invoking pertinent provisions of the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 1402, and the so-called Wrongful Death Statutes of Oklahoma, O.S.1951, Title 12, chapter 17, § 1051 et seq., survivors or legal representatives of passengers who lost their lives instituted in the United States Court for Northern Oklahoma fourteen separate actions against the United States for the recovery of damages. The basis of the claim pleaded in each case was negligence on the part of the United States, acting through the Civil Aeronautics personnel, in permitting American Airlines to employ and use unsafe practices and procedures at its overhaul depot at Tulsa, Oklahoma, in repairing, rebuilding, overhauling, and inspecting its aircraft, aircraft engines, and component parts. More specifically, it was pleaded that as the result of such negligence, an unfit and unsafe cylinder was placed in one of the engines of the airplane at the overhaul depot; that the cylinder failed; and that such failure caused the crash. The United States denied negligence; denied liability; pleaded that the accident was an unavoidable casualty; pleaded that the complainants were barred from recovery against the United States by reason of payments made to them by American Airlines and releases given to such company; and pleaded in the alternative that the amounts paid should be taken into account in mitigation of damages against the United States. And by third-party complaints, the United States asserted against American Airlines a right of indemnity in the event of recovery against the United States. American Airlines pleaded that the complaints failed to state a cause of action against the United States; pleaded that the deaths were an unavoidable casualty; pleaded that the actions were barred by the statutes of limitation of Missouri; and pleaded that certain of the complainants were barred from recovery against the United States by reason of releases given to American Airlines. The actions were consolidated for trial. In some of the cases, American Airlines made payment in each case of $15,000 to the complainants and releases and satisfactions of liability were executed. In the other cases, American Airlines during the course of a pre-trial conference tendered to the complainants in each case $15,000. Following the pre-trial conference, findings of fact and conclusions of law were made; and judgments were entered dismissing the actions.

██ The cases present a situation in which the alleged wrongful acts and conduct on the part of the United States occurred in Oklahoma and the deaths of the decedents occurred in Missouri. While it would be trite in ordinary circumstances to do so, it may be appropriate in this case to say that, in the absence of a controlling statute providing otherwise, the general rule is that where an act of omission or commission occurs at one place and resulting death, personal injury, or damage takes place at another, the situs of the actionable wrong is the place at which the death, personal injury or property damage takes place. Betts v. Southern Railway Co., 4 Cir., 71 F.2d 787; Hunter v. Derby Foods, 2 Cir., 110 F.2d 970; Lowry v. International Brotherhood, etc., 5 Cir., 220 F.2d 546; Eastern Air Lines v. Union Trust Co., 95 U.S.App.D.C. 189, 221 F.2d 62, certiorari denied Union Trust Co. v. U. S., 350 U.S. 911, 76 S.Ct. 192, 100 L.Ed. 799; Orr v. Sasseman, 5 Cir., 239 F.2d 182; Cameron v. Vandegriff, 53 Ark. 381, 13 S.W. 1092; Strogoff v. Motor Sales Co., 302 Mass. 345, 18 N.E.2d 1016; Dallas v. Whitney, 118 W.Va. 106, 188 S.E. 766; Conklin v. Canadian-Colonial Airways, 266 N.Y. 244, 194 N.E

692; Hughes Provision Co. v. La Mear Poultry & Egg Co., Mo.App., 242 S.W.2d 285; Gaston v. Wabash Railroad Co., Mo., 322 S.W.2d 865; Mann v. Policyholders' National Life Insurance Co., 78 N.D. 724, 51 N.W.2d 853. See also Restatement, Conflict of Laws § 377. And that rule has been applied in cases in which the act of omission or commission in respect to a passenger airplane occurred at one place while the resulting accident and death took place at another. Faron v. Eastern Airlines, 193 Misc. 395, 84 N.Y.S.2d 568; Riley v. Capital Airlines, Sup., 199 N.Y.S.2d 515. It is readily conceivable that solution of the problem could be more difficult in a case in which the initial act of omission or commission occurred at one place, personal injury at another, and resulting death later at a third. But no situation of that kind is presently presented.

■ If the Tort Claims Act were silent in respect to the matter and the general rule to which reference has been made had application with controlling effect, it seems clear that the situs of the actionable wrong involved in these cases would be in Missouri and the liability of the Government to respond in damages would be referable to the substantive law of that state. But the Tort Claims Act is not silent in that area. For reasons of its own choice, Congress took effective action to make a different rule applicable to the Government in such cases. Title 28, § 1346(b), United States Code, authorizes suits against the Government for death caused by the negligent or wrongful act of an employee of the Government while acting within the scope of his employment if a private person would be liable in accordance with the law of the place at which such act or omission occurred. And Title 28, section 2674, provides in presently pertinent part that the Government shall be liable in respect to the provisions of the title relating to tort claims in the same manner and to the same extent as a private person under like circumstances. When construed together, the effect of the two provisions in a case in which the act or omission occurs at one place and the resulting death at another is to subject the Government to liability according to the tests and standards of the substantive law of the state in which the act or omission occurred. Except when expressly provided otherwise in the Act itself, the effect of the two provisions in a case in which the act or omission occurs at one place and resulting death at another is to equate the liability of the Government with that of a private litigant under the substantive law of the state where the act or omission of the employee of the Government occurred. Eastern Air Lines v. Union Trust Co., supra; Voytas v. United States, 7 Cir., 256 F.2d 786. Concededly, a contrary view was expressed in United States v. Marshall, 9 Cir., 230 F.2d 183, and Hess v. United States, 9 Cir., 259 F.2d 285, vacated on grounds not germane here 361 U.S. 314, 80 S.Ct. 341, 4 L.Ed.2d 305. But we are persuaded that our view finds adequate support in the Act.

■ The Supreme Court of Oklahoma has had occasion to observe from time to time that at common law the wrongful death of a person did not create a right of action for damages; and that the right of action in that state is purely statutory. F. W. Woolworth Co. v. Todd, 204 Okl. 532, 231 P.2d 681; Gochenour v. St. Louis-San Francisco Railway Co., 205 Okl. 594, 239 P.2d 769; Herndon v. Dolton-Barnard Hardware Co., Okl., 289 P.2d 970; Mathies v. Kittrell, Okl., 350 P.2d 951. The right of action in that state is created by 12 O.S.1951 § 1053. The statute provides in substance that when the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, or his personal representative if he is also deceased, if the former might have maintained an action had he lived, against the latter, or his representative, for an injury for the same act or omission; it further provides that the damages shall inure to the persons named; and it further provides the manner in which such damages shall be distributed.

The statute in its entirety creates a new right of action, specifies the persons who may maintain the action, and blueprints the distribution of the damages recovered in the action. Gochenour v. St. Louis-San Francisco Railway Co., supra. But it does not indicate directly or indirectly a legislative intent or purpose to undertake to create a cause of action for wrongful death occurring in another state. Neither does it suggest an intent or purpose to make it apply to actions brought in the courts of Oklahoma for wrongful death occurring outside the state. Standing alone, it is limited in effect to wrongful deaths which occur in Oklahoma. However, assuming that it is brought in the name of the proper party plaintiff, against the proper party defendant, with jurisdiction over the person of the defendant, a transitory action for wrongful death occurring in another state may be maintained in the courts of Oklahoma if the substantive law of such other state creates a right of action for wrongful death and provides for a transitory action for damages as the remedy. An action of that kind in the courts of Oklahoma is not one under the domestic statute of Oklahoma relating to wrongful death. It is one for the enforcement of a right of action having its source in the law of the state in which the wrongful death occurred. Chicago, Rock Island & Pacific Railway Co. v. McIntire, 29 Okl. 797, 119 P. 1008; McCoubrey v. Pure Oil Co., 179 Okl. 344, 66 P.2d 57; Gochenour v. St. Louis-San Francisco Railway Co., supra; Fenton v. Sinclair Refining Co., 206 Okl. 19, 240 P.2d 748.

█ It was pleaded in the complaints in these cases that the actions arose under the Tort Claims Act, supra; and that they were brought under the Wrongful Death Statutes of Oklahoma, supra. No reference was made in the complaints to the laws of Missouri respecting wrongful death. But since the wrongful deaths pleaded in the complaints occurred in Missouri, we take occasion to explore the question whether a cause of action was pleaded for which the complainants were entitled to relief by way of damages under the laws of that state. A right of action for wrongful death exists by statute in Missouri. Nelms v. Bright, Mo., 299 S.W.2d 483. Quite similar to the wrongful death statute of Oklahoma, supra, at the time of the airplane crash referred to herein, it was provided by statute in Missouri that when the death of a person was caused by a wrongful act, neglect, or default of another, and such act, neglect, or default was such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages therefor, an action for damages might be maintained, notwithstanding the death of the person injured. R.S.Mo.1939, § 3653. And at the time of such airplane crash, it was further provided by statute in Missouri that damages not to exceed $15,000 might be awarded for wrongful death. R.S.Mo.1939, § 3654. No limitation in respect to amount of damages is provided by statute in Oklahoma. But in creating the statutory right of action for wrongful death, it was competent for Missouri to fix the maximum amount of damages recoverable in an action under such statute. And this court is committed to the rule that where wrongful death occurs in one state and an action for damages is instituted in another, the law of the state in which the wrongful death occurred—not that in which the action was instituted—controls in respect to the maximum amount of damages which may be recovered. Stoltz v. Burlington Transportation Co., 10 Cir., 178 F.2d 514, 15 A.L.R.2d 759, certiorari denied 339 U.S. 929, 70 S.Ct. 628, 94 L.Ed. 1349; Burlington Transportation Co. v. Stoltz, 10 Cir., 191 F.2d 915.

█ The maximum recovery of damages under Missouri law at the time of the airplane crash being $15,000, payment of that amount to the complainants in some of these cases and the deposit of that amount in the registry of the court in the other cases, constituted full

satisfaction for the wrongful deaths, the causes of action under the law of Missouri became extinguished, and recovery against the tort feasor or tort feasors was barred. Hanson v. Norton, 340 Mo. 1012, 103 S.W.2d 1.

The judgments of dismissal are severally affirmed.

MURRAH, Chief Judge (dissenting).

I agree that the government is liable in these cases as a private person in accordance with Oklahoma law, i. e., the place where the alleged negligent act or omission occurred. I also agree that the inapplicability of the Oklahoma wrongful death statute to deaths outside the state does not preclude the right to recover in cases like these, even though a private person would not be liable according to Oklahoma law under the same circumstances.

We know that few, if any, state wrongful death statutes have any extraterritorial effect. If, therefore, the right to recover under the Tort Claims Act in cases like these is made to depend upon the extraterritorial effect of the wrongful death statute of the place of the negligent act, the Act would be inapplicable to all such cases. Surely Congress did not intend any such anomalous result.

The majority avoids this blind spot in the law by resort to the Oklahoma conflict of laws rule, which authorizes maintenance of a suit in Oklahoma for wrongful death occurring outside the state, in accordance with the law of the state where death resulted. And see Fenton v. Sinclair Refining Co., 206 Okl. 19, 240 P.2d 748. The effect of this process of reasoning is to apply the substantive law of the place of death rather than the law of the place of the negligent act. The end result seems contrary to our agreed interpretation of the Tort Claims Act. Indeed, under this theory, these suits might have been instituted and maintained in any forum which authorizes them, with liability governed by the law of the place where death occurred, i. e., Missouri. Thus, if the suits had been commenced in Missouri, the Missouri court would have looked to the law of Oklahoma as the place where the negligent act occurred, and the Oklahoma conflicts rule would apply the law of Missouri as the place where death occurred.

In my view, Congress intended to avoid this circuitous stacking of one conflicts rule on another in order to arrive at controlling substantive law. Rather, it is my view that the Tort Claims Act provides its own conflicts rule, that is, the law of the place of the negligent act. In other words, we rest upon the law of that state and look no further. If Congress had intended otherwise, it could have simply conferred jurisdiction upon the courts to hear and decide claims for damages for death caused by the negligence of the United States "under circumstances where the United States, if a private person, would be liable to the claimant" and stopped there. In this setting, these suits would be maintainable in Oklahoma in accordance with the law of Missouri, by virtue of the Oklahoma conflicts rule, that is, the law of the place where the accident occurred. When, however, Congress went on to say in effect that the government would be liable to the claimant as if a private person "in accordance with the law of the place where the act or omission occurred," it thereupon removed the traditional cloak of immunity and left the government standing as a private person, but prescribed the law and the conditions under which it would become liable.

Such is the import and result of Eastern Airlines v. Union Trust Co., 95 U.S. App.D.C. 189, 221 F.2d 62. I would follow the majority view in that case and apply the Oklahoma wrongful death statute.