**Ray VAUGHN, Administrator Estate of Edna Yvon Vaughn, et al., Plaintiffs,**

v.

**J.C. PENNEY, INC., et al., Defendants.**

**Nos. C–1–85–1893, C–1–86–66.**

United States District Court,
S.D. Ohio, W.D.

May 6, 1986.

1. 463 U.S. 880, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983), *reh'g denied,* 464 U.S. 874, 104 S.Ct. 209, 78 L.Ed.2d 185.

2. *Id.*

3. 764 F.2d 266, 267 (5th Cir.1985).

Edward Harp, Georgetown, Ohio, for plaintiffs.

W. Andrew Patton, Bruce Petrie, Gerald Salmen, Cincinnati, Ohio, David Stuart, Clinton, Tenn., Thomas A. Luebbers, Peck, Shaffer & Williams, Cincinnati, Ohio, Jon G. Roach, Peck, Shaffer & Williams, Knoxville, Tenn., for defendants.

## ORDER

CARL B. RUBIN, Chief Judge.

This matter is before the Court upon defendants' Motions to Dismiss and for Summary Judgment. (Doc. nos. 4, 5, 13, 14, 15, 16, 18) For the reasons below, the motions are granted and the case is dismissed with prejudice.

To survive a 12(b)(6) motion, the complaint need only comply with Rule 8(a)(2)'s requirement of a "short and plain statement of the claim showing that the pleader is entitled to relief." *Westlake v. Lucas,* 537 F.2d 857, 858 (6th Cir.1976). When scrutinizing the complaint, well pleaded facts are taken as true, and the complaint is construed liberally in favor of the party opposing the motion. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). This standard will be applied to the Summary Judgment Motions as well as the Motions to Dismiss.

On December 28, 1983, Ray Vaughn was driving his pickup truck south on interstate 75. In the truck with him were his wife Edna and daughter Jackie. At 2 a.m., they were forced by sleet and ice to park the truck on an entrance ramp somewhere in Anderson County, Tennessee. To stay warm, they operated a kerosene heater inside the truck. Edna and Jackie died from inhaling fumes given off by the heater.

Ray, in his capacity as administrator of the decedents' estates, has brought this suit against Anderson County, Tennessee; J.C. Penney, Inc., retail seller of the heater; Pennzoil Company, producer of the kerosene used in the heater; and Underwriter Laboratories, Inc. (UL), a tester of consumer products. The complaint alleges that Anderson County was negligent in its duty to keep the roads passable and the other defendants were negligent in their failure adequately to warn of the dangers of kerosene heaters. There are also claims that the heater and fuel were defective.

The action was brought here pursuant to this Court's jurisdiction to hear cases involving parties of diverse citizenship. 28 U.S.C. § 1332. As such, the action is governed by the law of the state in which the Court sits. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

Plaintiffs have brought this action under the Ohio Wrongful Death Statute. (Doc. no. 12, ¶ 2) Ohio Rev.Code Ann. § 2125.-01–.04 (Page supp. 1985). That statute provides the exclusive remedy in Ohio for death caused by injury. *Davis v. Justice,*

**14**

31 Ohio St. 359, 363 (1877). It also contains its own conflict of laws provision.

When death is caused by a wrongful act, neglect, or default in another state or foreign country, for which a right to maintain an action and recover damages is given by a statute of such other state or foreign country, such right of action may be enforced in this state. Every such action shall be commenced within the time prescribed for the commencement of such actions by the statute of such other state or foreign country.

Ohio Rev.Code Ann. § 2125.01 (Page supp. 1985). Plaintiffs filed their complaint just less than two years after the deaths of Edna and Jackie. Tennessee has a one-year statute of limitations. *Jones v. Black*, 539 S.W.2d 123 (Tenn.1976); *Collier v. Memphis Light, Gas & Water Division*, 657 S.W.2d 771 (Tenn.App.1985). Ohio, on the other hand, has a two-year statute of limitations. Ohio Rev.Code Ann. § 2305.10 (Page supp. 1985). Therefore, the crucial issue posed by this motion is which state's statute of limitations applies.

Plaintiffs argue that the opening phrase of the second paragraph of § 2125.01, "[w]hen death is caused by a wrongful act, neglect, or default in an other state," refers to the tortious conduct giving rise to the injury and that only when such conduct occurs in an other state should the Court apply the other state's statute of limitations. According to plaintiffs, the tortious conduct herein occurred in Ohio with the sale of the heater to Ray without proper warning. Under this reasoning, the Ohio statute of limitations would apply.

Defendants counter by interpreting § 2125.01 to refer to the place where the injury occurred. Since the injury occurred in Tennessee, defendants' contention is that plaintiffs are barred by that state's statute of limitations. The Ohio courts and general common law principles support defendants' position.

The only Ohio case interpreting the opening phrase of § 2125.01's second paragraph observes that

[t]he simple meaning of the above-quoted provison of R.C. 2125.01, is that *a right to sue* for an alleged wrongful death occurring in another state *may be enforced* in the courts of Ohio. While the General Assembly did, in effect, incorporate the statute of limitations of the *situs* state, its failure to specifically require any further application of foreign law supports our conclusion that there is no intended requirement that the entire Illlinois [sic] statute be utilized.

*Fox v. Motor Freight, Inc.*, 25 Ohio St.2d 193, 200, 267 N.E.2d 405 (1971) (emphasis in original). The term "situs" is generally interpreted as the place where the injury occurs. *Richards v. United States*, 285 F.2d 521, 523 (10th Cir.1960), *aff'd*, 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962). Further, Ohio courts have long interpreted the phrase that opens the first paragraph of § 2125.01, which is identical to the opening phrase of the second paragraph, to apply only to injuries occurring in Ohio. *See, e.g., Baltimore & Ohio Railroad Co. v. Chambers*, 73 Ohio St. 16, 76 N.E. 91 (1905); *Wabash Railroad Co. v. Fox*, 64 Ohio St. 133, 55 N.E. 888 (1901).

These interpretations of § 2125.01 by Ohio Courts comport with tort conflict of laws principles. The restatement holds that personal injury actions generally should be governed by the law of the state in which the injury occurs. Restatement (Second) of Conflict of Laws § 146 (1971). The advantage of this general rule is its certainty, predictability, and uniformity of result. *Id.* comment c. In contrast, to adopt plaintiffs' interpretation of § 2125.01 would present an impossible situation. The complaint alleges tortious conduct that could have arisen in any one of four states: Tennessee where the county failed to maintain the roads, Ohio where the heater was sold, the state where UL negligently tested the heater, and the state where Pennzoil produced the defective kerosene. Before this crucial conflict of laws question could be answered, a trial would have to be held to determine the state in which the tortious conduct occurred. Such a trial would be impossible, of course, because the court

would not know which state's law to base the jury instructions on. This Court believes that the Ohio General Assembly intended something like Restatement Second § 146 when it included a conflict of laws provision in § 2125.01.

Consistent with the above authority, the Court holds that the conflict of laws provision in § 2125.01 directs a trial court to apply the statute of limitations of the state in which the injury occurred. Since the injury here occurred in Tennessee, that state's one-year statute of limitation will bar this action because it was brought nearly two years after the injuries occurred. Since plaintiffs can therefore prove no set of facts entitling them to relief, defendants' motions are GRANTED and the case is dismissed with prejudice.

IT IS SO ORDERED.